UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE INDEPENDENT ORDER
OF FORESTERS,

                Plaintiff,

v.

RHONDA ELLIS-BATCHELOR,
LINWOOD BATCHELOR, STEVEN
BATCHELOR, and SHARON BOND,

                Defendants.

_____/

Civil Action No. 20-10619
Honorable Mark A. Goldsmith
Magistrate Judge David R. Grand

**REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT, FOR LEAVE TO DEPOSIT INTERPLEADER FUNDS, AND FOR DISMISSAL WITH PREJUDICE**

**A.    REPORT**

    *i.    Background*

On March 7, 2020, plaintiff The Independent Order of Foresters ("Foresters") filed the instant interpleader action related to life insurance benefit proceeds it holds, and over which it has received competing claims.

In 2008, Foresters issued a life insurance policy (the "Policy") to William Howard Batchelor ("Batchelor"), who, at the time, resided in North Carolina. The face amount of the Policy's life insurance benefit is $96,000.00 (the "Benefit"). (ECF No. 1-1, PageID.13).

According to Foresters, Batchelor was murdered on October 30, 2015, in Suffolk,

Virginia, and shortly thereafter the named beneficiary of the Policy, Defendant Rhonda Ellis-Batchelor ("Ellis-Batchelor"), submitted a Statement of Claim for Death Benefits to Foresters for the Benefit. (ECF No. 1, PageID.6). However, according to Foresters, Ellis-Batchelor has not been cleared by Suffolk Police and is suspected to be involved in Batchelor's homicide. (*Id.*, PageID.7). Foresters contends that this may render Ellis-Batchelor ineligible to receive the insurance proceeds under North Carolina's so-called "slayer statute," which provides that insurance benefits otherwise payable to the slayer as beneficiary of the deceased "shall be paid to the person or persons who would have been entitled thereto as if the slayer had predeceased the decedent. If no alternate beneficiary is named, insurance and annuity proceeds shall be paid into the estate of the decedent." N.C. Gen. Stat. § 31A-11(a).

Defendants Steven Batchelor and Sharon Bond were named as beneficiaries under the Policy before Batchelor changed the beneficiary to Ellis-Batchelor, and Sharon Bond has also submitted a formal claim to Foresters for the Benefit. (ECF No. 1, PageID.4, 6). Batchelor's brother, defendant Linwood Batchelor, contacted Foresters and requested payment of the Benefit, but despite being provided with a Claim Form, he did not return a completed one to Foresters. (*Id.*, PageID.7). In short, Foresters alleges that it has received at least two formal claims for payment of the Benefit.

Because Foresters received competing claims to the Benefit, it initiated this interpleader action to resolve these claims and to protect itself from duplicate liability by

2

depositing with the Court the net Benefit proceeds[1] and seeking its dismissal from the case. (ECF No. 1).  After filing its complaint, Foresters sent requests for waivers of service to all of the defendants in this action under Fed. R. Civ. P. 4(d).  Defendants Sharon Bond, Linwood Batchelor, and Ellis-Batchelor, after having been served with the summons and complaint in this action, failed to answer or otherwise respond to the interpleader complaint.  The Clerk of the Court entered defaults against each of them.  (ECF Nos. 8, 10, 18).

On October 12, 2020, Foresters filed a Motion for Entry of Default Judgment against defendants Ellis-Batchelor, Sharon Bond, and Linwood Batchelor.   (ECF No. 19). Foresters also sought leave to deposit the net Benefit proceeds with the Clerk of Court and for an order discharging it from any and all liability with respect to the proceeds. (*Id.*).  On October 13, 2020, an Order of Reference was entered, referring Foresters' motion to the undersigned pursuant to 28 U.S.C. § 636(b).  (ECF No. 20).

The Court heard oral argument on Foresters' motion on December 2, 2020, at which time Steven Batchelor and Ellis-Batchelor both appeared.  At that time, Ellis-Batchelor acknowledged that she had signed a waiver of service but had otherwise failed to participate in the case.  However, she indicated that this was because she had caught COVID-19 and

---

[1] The net amount of Benefit proceeds that Foresters seeks to deposit with the Court is $93,099.12, calculated as follows: $96,000 life insurance Benefit, less $10,493.96 of the Benefit which was previously assigned to a funeral home for payment of Mr. Batchelor's funeral expenses (ECF No. 1-6, PageID.6), less $7,378.68 attributable to attorney fees and costs Foresters incurred in connection with bringing this action (ECF No. 19-3), plus accrued interest in the amount of $14,971.76 (ECF No. 19, PageID.143).  As discussed below, *see infra* at 8-10, the Court has determined that Foresters should deposit $100,477.80 because it is not entitled to deduct from the Benefit amount the attorney fees and costs it incurred in connection with this interpleader action.

endured serious health complications and challenges as a result. Considering these facts, the Court gave Ellis-Batchelor one week to submit a written filing explaining why a default judgment should not be entered against her. Subsequently, on December 8, 2020, Ellis-Batchelor filed a document with the Court, indicating that she suffers from mental illness and did not realize "that a response was required from [her] other than signing the [waiver of service]." (ECF No. 23). Ellis-Batchelor further indicated that she was attempting to obtain an attorney to represent her interest in these proceedings.

On December 14, 2020, attorney Sheldon Halpern filed a motion on Ellis-Batchelor's behalf, asking the Court to stay the proceedings in this matter for 14 days, until December 28, 2020, to permit him time to review the pleadings, conduct research, and prepare responses to Foresters' complaint and motion for default judgment. (ECF No. 25). Attorney Halpern further indicated that Ellis-Batchelor had good cause for not responding earlier to this litigation – "a constellation of personal circumstances and mental health challenges" – and a meritorious claim as the named beneficiary of the insurance contract. (*Id.*, PageID.184). Having considered the facts set forth in Ellis-Batchelor's motion (ECF No. 25), the Court granted her request to stay resolution of Foresters' motion until December 28, 2020. (ECF No. 26). However, in light of her failure to timely answer or otherwise respond to Foresters' complaint, Ellis-Batchelor was ordered to show cause as to why the Court should not enter a default judgment against her. (*Id.*).

Additionally, considering Foresters' legitimate desire to extricate itself from any dispute over the rightful beneficiary of the life insurance proceeds, Ellis-Batchelor was ordered to show cause as to why the Court, independent of any ruling it may make as to

4

the requested default judgment against Ellis-Batchelor, should not permit Foresters to deposit the net Benefit proceeds with the Court, discharge Foresters from any and all liability with respect to the proceeds, and dismiss Foresters from this action with prejudice.

On December 28, 2020, Ellis-Batchelor filed a Motion to Set Aside Entry of Default, in which she detailed the reasons why she failed to answer or otherwise respond to Foresters' complaint and asked that the Court set aside the default that had been entered against her. (ECF No. 27). However, contrary to the Court's explicit instructions, Ellis-Batchelor did not directly address Foresters' request that the Court permit Foresters to deposit the net Benefit proceeds with the Court, discharge Foresters from any and all liability with respect to those proceeds, and dismiss Foresters from this action with prejudice. (*Id.*).

As a result, the Court held an informal telephone conference with counsel for Foresters and Ellis-Batchelor on January 7, 2021, to address that issue. During that telephone conference, counsel for Ellis-Batchelor expressed concern only about Foresters' request to deduct from the Benefit proceeds to be deposited with the Court the attorney fees and costs it incurred in connection with this litigation.

  ii. *Discussion*

    a. *Deposit of Interpleader Funds and Dismissal of Foresters*

Federal Rule of Civil Procedure 22 provides that "[p]ersons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." Fed. R. Civ. P. 22(1). "Interpleader is an equitable proceeding that affords a party who fears being

5

exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." *U.S. v. High Tech. Products, Inc.*, 497 F.3d 637, 641 (6th Cir. 2007) (internal quotations omitted).

Federal Rule of Civil Procedure 67 allows the holder of funds that are the subject of an interpleader action to deposit the funds into the Court while the matter is pending:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party--on notice to every other party and by leave of court--may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed. R. Civ. P. 67(a).[2]

Subsection (b) provides, "[m]oney paid into court under this rule must be deposited and withdrawn in accordance with 28 U.S.C. §§ 2041 and 2042 and any like statute. The money must be deposited in an interest-bearing account or invested in a court-approved, interest-bearing instrument." Fed. R. Civ. P. 67(b).

Generally, an interpleader action proceeds in two stages as follows:

> During the first stage, the court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader. During the second stage, the court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes, including pleading, discovery, motions, and trial.

---

[2] In its motion, Foresters appears to cite an older version of the Rule. (ECF No. 19, PageID.145).

6

*Id.*

Foresters contends, "[t]his Court has subject matter jurisdiction over this Complaint under 28 U.S.C. § 1335 because this is an interpleader action regarding a policy of insurance with a payable benefit that exceeds $500 that is claimed by two or more claimants of diverse citizenship." (ECF No. 1, PageID.3). It also asserts that the Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in dispute exceeds $75,000 and the parties are citizens of different states. (*Id.*). No party has contested subject matter jurisdiction, and Foresters' assertions appear correct. Thus, the Court has subject matter jurisdiction.

Whether Foresters has shown it is actually threatened with double or multiple liability is a closer call. On the one hand, Batchelor's death occurred more than five years ago, and Foresters presents no evidence of Ellis-Batchelor being charged with any crime. On the other hand, Foresters alleges that it "repeatedly requested, but did not receive, confirmation that Suffolk Police did not consider Ellis-Batchelor a suspect in Mr. Batchelor's murder." (*Id.*, PageID.7). Additionally, Foresters has identified at least two formal claims it has received for payment of the Benefit. (*Id.*, PageID.6). Accordingly, the Court finds that Foresters has established a legitimate concern that it could face double or multiple liability absent this interpleader action.

As noted above, Ellis-Batchelor does not necessarily object to Foresters depositing the net Benefit proceeds with the Court and then being dismissed as a party to this action. *See Tennyson v. Metropolitan Life Ins. Co.*, No. 16-13799, 2017 WL 7795963, at *3 (E.D. Mich. July 21, 2017) ("By depositing the funds into the Court, [Plaintiff] can avoid the

harm envisioned by the interpleader statute."). Rather, she questions the propriety of allowing Foresters to deduct from the net Benefit proceeds the attorney's fees and costs Foresters has incurred in connection with this litigation.

In its instant motion, Foresters argues that the Court should permit it to deduct from the net Benefit proceeds its "reasonable attorneys' fees and costs of $7,378.68 incurred in bringing this action." (ECF No. 19, PageID.147). In support of its request, Foresters notes that "'Neither Rule 22 nor the interpleader statute contains an express reference to costs or attorneys' fees;' however, a 'federal court has discretion to award costs and counsel fees to the stakeholder in an interpleader action . . . whenever it is fair and equitable to do so.'" (*Id.*) (quoting 7 WRIGHT, MILLER & KANE, Federal Practice and Procedure: Civil § 1719 (3d ed. 2001)); (citing *Holmes v. Artists Rights Enforcement Corp. (AREC)*, 148 F. App'x 252, 259 (6th Cir. 2005)). Indeed, the case Foresters relies on, *Holmes*, held that an award of attorney fees in an interpleader action is a matter within the district court's discretion, and that in general, an interpleading party is entitled to recover reasonable costs and attorney's fees when it is "(1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." *Holmes*, 148 F. App'x at 259.

While Foresters' motion accurately recounts the general rule, it fails to recognize that "numerous courts have declined an attorneys' fee award to an insurance company, taking the view that the costs of an interpleader action to resolve competing claims for insurance proceeds is an expense that arises in the ordinary course of business that should not be passed along to the ultimate beneficiary." *Fid. Life Ass'n v. Amstutz*, No. 16-12618,

2016 WL 6892081, at *2 (E.D. Mich. Nov. 22, 2016) (citing *Unum Life Ins. Co. of Am. v. Kelling*, 170 F. Supp. 2d 792, 794-96 (M.D. Tenn. 2001) (collecting cases denying attorneys' fees to insurance companies in interpleader actions); *Prudential Ins. Co. of Am. v. Coopwood*, No. 17-14145, 2018 WL 8807139, at *3 (E.D. Mich. July 13, 2018) ("'courts are reluctant to award fees in cases where the claims are of the type that arise in the ordinary course of the stakeholder's business,' such as in cases involving life insurance proceeds."); *Standard Ins. Co. v. Guy*, No. 2:18-CV-00074-DCLC, 2020 WL 6997174, at *3 (E.D. Tenn. Feb. 3, 2020) ("The Court notes that, as a general rule, insurance companies are not entitled to any award for attorney's fees or expenses related to the prosecution of an interpleader action.").

The *Amstutz* court noted that there are "three policy reasons for declining to award attorneys' fees to insurance companies in interpleader actions. First, courts have ruled that 'insurance companies should not be compensated merely because conflicting claims to proceeds have arisen during the normal course of business.' [] Second, strictly speaking, insurance companies are not disinterested stakeholders, as interpleader allows them to avoid vexatious litigation and immunizes them from liability under the contested policy. [] Third, some courts have denied an award of attorneys' fees where an insurance company is the plaintiff on the theory that it is unfair to the insured to invade the benefits where an award of fees is disproportional to the insured's ultimate recovery or would sharply decrease available insurance proceeds." *Amstutz*, 2016 WL 6892081, at *2

Here, the Court finds that Foresters is not entitled to deduct its costs and fees of this interpleader action from the Benefit proceeds to be deposited with the Court. Foresters did

9

not address the relevant law, and the equities are not in its favor. First, the conflicting claims to the Benefit arose during the normal course of Foresters' business. Indeed, the *Amstutz* court reached the same conclusion where the dispute over who should receive the life insurance proceeds involved application of a "slayer statute" like the one at issue here. *Amstutz*, 2016 WL 6892081, at *3. Second, Foresters is not entirely "disinterested," as it benefits from the interpleader action by using it to extricate itself from the dispute over the Benefit and avoid potential double or multiple liability. Finally, the Policy's face Benefit is only $96,000, which means that Forester's request would eat up more than 7.5% of that amount.

For all of these reasons, Forester's request to deduct its attorney fees and costs from the Policy's net Benefit proceeds to be deposited with the Court lacks merit. The proper amount of the net Benefit proceeds for Foresters to deposit with the Court is $100,477.80 ($96,000 Policy Benefit, less $10,493.96 of the Benefit which was previously assigned to a funeral home for payment of Mr. Batchelor's funeral expenses, plus accrued interest in the amount of $14,971.76), plus any additional accrued interest not already reflected in that figure. Once Foresters deposits said amount with the Clerk of Court, it should be dismissed from this action with prejudice.

      b. *Default Judgment*

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). In an interpleader action, entry of judgment against a defendant results in that defendant forfeiting any claim of entitlement

that it might otherwise have asserted. *See Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n. 4 (4th Cir. 1984); *Valley Forge Life Ins. Co. v. Rockmore*, No. 7:07-CV-63, 2008 WL 1805450, at *1-2 (M.D. Ga. Apr. 18, 2008) (granting an interpleader defendant's motion for default judgment against two other defendants); *New York Life Ins. Co. v. Scrimger*, No. 2:19-CV-10146, 2020 WL 6075522, at *2 (E.D. Mich. Oct. 14, 2020). A defendant defaults when he fails to answer within 21 days of being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Alternatively, when the service is timely waived, a defendant defaults when he fails to answer within 60 days after the request for a waiver was sent. Fed. R. Civ. P. 12(a)(1)(A)(ii). Whether to enter a default judgment is left to the Court's sound discretion. *State Farm Bank v. Sloan*, 2011 WL 2144227, *2 (E.D. Mich. May 31, 2011); 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure* §2685 (3d ed. 1998). Here, entry of default judgment is warranted against defendants Sharon Bond and Linwood Batchelor, but not against defendant Ellis-Batchelor.

The docket reflects that Linwood Batchelor sent his waiver of service on March 11, 2020. (ECF No. 5). This means his answer or other response was due by May 11, 2020. However, despite the fact that a default was entered against Linwood Batchelor on May 26, 2020 (ECF No. 8), he has not answered or otherwise responded to Forester's complaint. Accordingly, the Court should grant Forester's motion for default judgment as to defendant Linwood Batchelor. *Scrimger*, 2020 WL 6075522, at *2.

Defendant Sharon Bond was served with process on July 15, 2020. (ECF No. 16). However, despite a default being entered against her on September 28, 2020 (ECF No. 18),

11

she has not answered or otherwise responded to Forester's complaint. Accordingly, the Court should grant Forester's motion for default judgment as to defendant Sharon Bond. *Scrimger*, 2020 WL 6075522, at *2.

As to defendant Ellis-Batchelor, the Court finds that entry of a default judgment is not appropriate. Although Ellis-Batchelor did not timely file an answer in response to being served with Forester's complaint, she attended the hearing on Forester's motion for default judgment and provided a reasonable explanation for her failure to timely file an answer. Further, she has since shown that she intends to actively participate in this action. Specifically, following the hearing, Ellis-Batchelor filed an answer while still acting *pro se*, then engaged counsel who, among other actions, (1) moved to set aside the default that had been entered against Ellis-Batchelor, (2) filed a formal answer to Foresters' complaint; and (3) participated in the telephonic conference discussed above. (ECF Nos. 23-25, 27-28). Accordingly, a default judgment against Ellis-Batchelor is inappropriate.

**B.     RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that Forester's Motion for Entry of Default Judgment, for Leave to Deposit Interpleader Funds, and for Dismissal with Prejudice **(ECF No. 19)** be **GRANTED IN PART AND DENIED IN PART** as follows:

> (1) Foresters' request for entry of default judgment against **defendants Sharon Bond and Linwood Batchelor** should be **GRANTED**, and those defendants should be barred from receiving any of the Benefit proceeds at issue in this interpleader action;
>
> (2) Foresters' request for entry of default judgment against defendant **Rhonda Ellis-Batchelor** should be **DENIED**;

(3) Defendants Sharon Bond, Steven Batchelor, Linwood Batchelor, and Rhonda Ellis-Batchelor, and any other claimant to the Benefit, together with their agents, attorneys, and assigns should be permanently enjoined from instituting or maintaining any additional federal, state, or administrative action against Foresters, as well as its respective past, present, and future parents, subsidiaries, affiliates, successors, assignees, agents, producers, servants, employees, officers, directors, principals, representatives, attorneys, or insurers relating to the Benefit and/or the facts set forth in Foresters' complaint;

(4) Foresters should be ordered to deposit into the Court net Policy Benefit proceeds in the amount of **$100,477.80**, which represents: (i) the $96,000.00 Policy Benefit; (ii) less $10,493.96 previously assigned for payment of Mr. Batchelor's funeral expenses; (iii) plus accrued interest of $14,971.76, along with any accrued interest not already reflected in that figure;

(5) Foresters and any of its past, present, and future parents, subsidiaries, affiliates, successors, assignees, agents, producers, servants, employees, officers, directors, principals, representatives, attorneys, and insurers should be discharged from any and all liability with respect to the deceased's coverage under the Policy, the Benefit, and/or the facts that comprise the basis of this interpleader action; and

(6) Foresters should be **DISMISSED** from this action **WITH PREJUDICE**.


Dated: January 13, 2021            s/David R. Grand
Ann Arbor, Michigan                DAVID R. GRAND
                                   United States Magistrate Judge


## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further

right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 13, 2021.

    s/Eddrey O. Butts
    EDDREY O. BUTTS
    Case Manager