UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE INDEPENDENT ORDER
OF FORESTERS,

    Plaintiff,

vs.

RHONDA ELLIS-BATCHELOR
et al.,

    Defendants.
_____/

Case No. 20-cv-10619

HON. MARK A. GOLDSMITH

**ORDER**
**(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED JANUARY 13, 2021 (Dkt. 29), AND (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT, FOR LEAVE TO DEPOSIT INTERPLEADER FUNDS, AND FOR DISMISSAL WITH PREJUDICE (Dkt. 19)**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Grand issued on January 13, 2021. In the R&R, the Magistrate Judge recommends that Plaintiff The Independent Order of Foresters' ("Foresters") motion (Dkt. 29) be granted in part and denied in part.

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash,

328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, the R&R is adopted in full, and Foresters' motion is granted in part and denied in part as follows:

1. Foresters' request for entry of default judgment against Defendants Sharon Bond and Linwood Batchelor is granted, and those defendants are barred from receiving any of the Benefit proceeds at issue in this interpleader action; [1]

2. Foresters' request for entry of default judgment against Defendant Rhonda Ellis-Batchelor is denied;

3. Defendants Sharon Bond, Steven Batchelor, Linwood Batchelor, and Rhonda Ellis-Batchelor, and any other claimant to the Benefit, together with their agents, attorneys, and assigns are permanently enjoined from instituting or maintaining any additional federal, state, or administrative action against Foresters, as well as its respective past, present, and future parents, subsidiaries, affiliates, successors, assignees, agents, producers, servants, employees, officers, directors, principals, representatives, attorneys, or insurers relating to the Benefit and/or the facts set forth in Foresters' complaint;

4. Foresters is ordered to deposit into the Court net Policy Benefit proceeds in the amount of $100,477.80, which represents: (i) the $96,000.00 Policy Benefit; (ii) less $10,493.96 previously assigned for payment of Mr. Batchelor's funeral expenses; (iii) plus accrued interest of $14,971.76, along with any accrued interest not already

---

[1] This order adopts the R&R's use of the terms "Policy" and "Benefit." See R&R at 1.

  reflected in that figure;

5. Foresters and any of its past, present, and future parents, subsidiaries, affiliates, successors, assignees, agents, producers, servants, employees, officers, directors, principals, representatives, attorneys, and insurers are discharged from any and all liability with respect to the deceased's coverage under the Policy, the Benefit, and/or the facts that comprise the basis of this interpleader action;

6. Foresters is dismissed from this action with prejudice.

SO ORDERED.

Dated: February 3, 2021          s/Mark A. Goldsmith
    Detroit, Michigan          MARK A. GOLDSMITH
                  United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 3, 2021.

                  s/Karri Sandusky
                  Case Manager