UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE INDEPENDENT ORDER
OF FORESTERS,

                         Plaintiff,

     v.

RHONDA ELLIS-BATCHELOR,
LINWOOD BATCHELOR, STEVEN
BATCHELOR, and SHARON BOND,

                     Defendants.

_____/

Civil Action No. 20-10619
Honorable Mark A. Goldsmith
Magistrate Judge David R. Grand

**<u>REPORT AND RECOMMENDATION TO DENY
WITHOUT PREJUDICE SHARON BOND'S MOTION
TO SET ASIDE DEFAULT JUDGMENT (ECF No. 35)</u>**

## I.    REPORT

### A.    Background

On March 7, 2020, Plaintiff The Independent Order of Foresters ("Foresters") filed

the instant interpleader action related to life insurance benefit proceeds it held, and over

which it had received competing claims. Specifically, in 2008, Foresters issued a life

insurance policy (the "Policy") to William Howard Batchelor ("Batchelor"), who, at the

time, resided in North Carolina. The face amount of the Policy's life insurance benefit was

$96,000.00 (the "Benefit"). (ECF No. 1-1, PageID.13).

According to Foresters, Batchelor was murdered on October 30, 2015, in Suffolk,

Virginia, and shortly thereafter the named beneficiary of the Policy, Defendant Rhonda

Ellis-Batchelor ("Ellis-Batchelor"), submitted a Statement of Claim for Death Benefits to

Foresters for the Benefit.  (ECF No. 1, PageID.6).  However, according to Foresters, Ellis-Batchelor had not been cleared by Suffolk Police and was suspected to be involved in Batchelor's homicide.  (*Id.*, PageID.7).  Foresters contended that this could render Ellis-Batchelor ineligible to receive the insurance proceeds under North Carolina's so-called "slayer statute."  N.C. Gen. Stat. § 31A-11(a).

Defendants Steven Batchelor and Sharon Bond ("Bond") were named as beneficiaries under the Policy before Batchelor changed the beneficiary to Ellis-Batchelor, and Bond also submitted a formal claim to Foresters for the Benefit.  (ECF No. 1, PageID.4, 6).  Batchelor's brother, Defendant Linwood Batchelor, contacted Foresters and requested payment of the Benefit, but despite being provided with a Claim Form, he did not return a completed one to Foresters.  (*Id.*, PageID.7).  In short, Foresters alleges that it received at least two formal claims for payment of the Benefit.

Because Foresters received competing claims to the Benefit, it initiated this interpleader action to resolve these claims and to protect itself from duplicate liability by depositing with the Court the net Benefit proceeds and seeking its dismissal from the case. (ECF No. 1).  After filing its complaint, Foresters sent requests for waivers of service to all of the defendants in this action under Fed. R. Civ. P. 4(d).  Defendants Bond, Linwood Batchelor, and Ellis-Batchelor, after having been served with the summons and complaint in this action, failed to answer or otherwise respond to the interpleader complaint.  The Clerk of the Court entered defaults against each of them.  (ECF Nos. 8, 10, 18).

On October 12, 2020, Foresters filed a Motion for Entry of Default Judgment against Defendants Bond, Ellis-Batchelor, and Linwood Batchelor.  (ECF No. 19).  Foresters also

sought leave to deposit the net Benefit proceeds with the Clerk of Court and for an order discharging it from any and all liability with respect to the proceeds.  (*Id.*).  On October 13, 2020, an Order of Reference was entered, referring Foresters' motion to the undersigned pursuant to 28 U.S.C. § 636(b).  (ECF No. 20).

On January 13, 2021, this Court issued a Report and Recommendation ("R&R") to, *inter alia*, grant Foresters' motion for default judgment as to Bond.  (ECF No. 29, PageID.211-12).  Specifically, the Court found that Bond was served with process on July 15, 2020.  (ECF No. 16).  And, despite a default being entered against her on September 28, 2020 (ECF No. 18), she still had not answered or otherwise responded to Forester's complaint.  Thus, the Court determined that entry of a default judgment was appropriate as to Bond.  The R&R was adopted by the Honorable Mark A. Goldsmith on February 4, 2021.  (ECF No. 32).

Subsequently, on February 19, 2021, the Court received a letter from Bond, the body of which states, in its entirety:

> I Sharon E. Bond was not aware of the court dates in question.  I would like to be added to the case.  Docket number 20-10619.  My address is 1276 Hollywood Avenue, Plainfield N.J[.] 07060.
>
> I have not received any court documents in question.  I would like to have all documents mail[ed] to me or email.[1]  So I can plead my case.  If possible if any courts date schedule can the judge please grant an extension.

(ECF No. 35, PageID.238) (footnote added).  Although not phrased as such, the Court will

---

[1] As a courtesy to Bond, the Court will e-mail a copy of the various filings referenced herein to the e-mail address specified by Bond in her letter, sharunbt53@gmail.com.

construe Bond's letter as a motion to set aside the default judgment that was entered against her and evaluate it accordingly.

### B.   Analysis

Fed. R. Civ. P. 55(c) provides that a default judgment may be set aside in accordance with Fed. R. Civ. P. 60(b).  When "considering a motion to set aside entry of a judgment by default a district court must apply Rule 60(b) 'equitably and liberally ... to achieve substantial justice.'"  *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 844-45 (6th Cir. 1983) (quoting *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir.1980) (per curiam)).  Courts must recognize that "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases."  *United Coin Meter*, 705 F.2d at 845.  But relief from a default judgment "is circumscribed by public policy favoring finality of judgments and termination of litigation."  *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).  Additionally, when a claimant is seeking to set aside a default judgment, "the specific requirements of Rule 60(b) narrow the scope of the court's equitable inquiry."  *Id.*

Rule 60(b) provides six reasons a default judgment may be set aside, including:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, discharged; it is based

4

on an earlier judgment that has been reversed or vacated; or applying
it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  When deciding if relief is warranted under Rule 60(b), "three factors

are relevant: (1) whether the party seeking relief is culpable; (2) whether the party opposing

relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim

or defense." *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003).

The party seeking relief must first demonstrate that the default was not due to her

own culpable conduct before turning to the other two factors.  *See Weiss v. St. Paul Fire &*

*Marine Ins. Co*., 283 F.3d 790, 794 (6th Cir. 2002) ("[A] party seeking to vacate a default

judgment under Rule 60(b)(1) must demonstrate first and foremost that the default did not

result from his culpable conduct.").  Culpability is understood based on the terms of Rule

60(b)(1), "mistake, inadvertence, surprise, or excusable neglect."  *See Waifersong,* 976

F.2d at 292.  The Supreme Court defined excusable neglect to "encompass situations in

which the failure to comply with a filing deadline is attributable to negligence," but it has

also stated that determining what is considered excusable "is at bottom an equitable"

determination.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380,

394-95 (1993).

Excusable neglect is usually not found when "a judgment [is] entered for failure to

answer in the time permitted."  11 Charles Alan Wright & Arthur R. Miller, <u>Federal</u>

<u>Practice and Procedure</u> § 2858 (3d ed. 2018) (citing cases); *see also Tri-Corner Investments*

*LLC v. First Def. Int'l Grp*., *Inc.*, 361 F. App'x 629, 632 (6th Cir. 2010) ("[F]ailure to

answer the complaint was not due to excusable neglect.").  Additionally, the Sixth Circuit has "held that gross carelessness or inadvertent conduct that results in judgment will not give rise to a successful claim of excusable neglect if the facts demonstrate a lack of diligence." *Yeschick v. Mineta*, 675 F.3d 622, 631 (6th Cir. 2012).  In *Yeschick*, the court did not find excusable neglect because the plaintiff's counsel failed to update his email address and was aware that he was not receiving notice of filings that were expected in the case.  *Id*.  In *Tri-Corner Investments*, the court did not find excusable neglect because the party seeking relief failed to explain why mail went unread for long periods of time when the mail procedure was within the party's control.  *See Tri-Corner Investments*, 361 F. App'x at 632.

Here, Bond has not addressed – let alone satisfied – any of the Rule 60(b) factors. In her letter, she does not offer any explanation as to why she failed to respond when served with the summons and complaint and/or clerk's entry of default.  She does not argue that her failure to participate in this case up until now was the result of mistake, inadvertence, surprise, or excusable neglect, nor does she offer any other reason that would justify relief from the default judgment that has been entered in this case.  Thus, at present, Bond has failed to demonstrate facts sufficient to grant relief from default judgment in this case.

With that in mind, however, the Court notes that Foresters was permitted to serve Bond by first class mail, by certified mail, and by tacking or firmly affixing a copy of the summons and complaint to the door at *521 Brook Avenue, Suffolk, VA 23434*, as that was the address Foresters identified as Bond's address at the time it was attempting to accomplish service.  (ECF No. 11, PageID.109; No. 12, PageID.122).  It appears that this

was done.[2]  (ECF No. 15).  Similarly, it appears that the Clerk's Entry of Default was sent

to this same address.  (ECF No. 18).  In her February 19, 2021 letter, however, Bond

indicates that her address is *1276 Hollywood Avenue, Plainfield, NJ 07060* (ECF No. 35)

and that she has "not received any court documents in question"; thus, the Court cannot

determine with certainty whether Bond received copies of the previous filings in this case,

including those relied on by Foresters to establish service of process upon her.  For this

reason, and because default judgment is a "drastic step" reserved for only the "most

extreme cases," *United Coin Meter*, 705 F.2d at 845, it is appropriate to allow Bond an

opportunity to more thoroughly set forth the reasons why she believes the default judgment

entered against her in this case should be set aside pursuant to Fed. R. Civ. P. 55(c) and

60(b).  In particular, should Bond wish to file a renewed motion to set aside the default

judgment that has been entered against her, she should provide evidence regarding her

residency between July 15, 2020, and the present.

## II.    RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** that Bond's Motion to

Set Aside Default Judgment **(ECF No. 35)** be **DENIED WITHOUT PREJUDICE**.

Within twenty-one (21) days after the District Court's ruling on this Report and

---

[2] However, the process server specifically noted when posting the summons and complaint at the Suffolk, VA address: "This house is vacant.  I took pictures but someone recently mowed the grass and there was a real estate sign … that was down on the ground.  Spoke to a neighbor who says it has been empty for 2 or 3 months but he did not know the people that lived there.  I still posted the documents on the front door." (ECF No. 15).  At the same time, Forester's process server averred in an affidavit dated September 11, 2020, that on July 15, 2020, she mailed a copy of the summons and complaint to Bond via First Class Mail to the 534 Brook Avenue address, and that that mailing was not returned.  (ECF No. 16.)

Recommendation, Bond should be permitted to file a Motion to Set Aside Default Judgment detailing, to the extent applicable, why the default judgment entered against her in this case should be set aside pursuant to Fed. R. Civ. P. 55(c) and 60(b).  In particular, Bond should provide evidence regarding her residency between July 15, 2020, and the present.

Dated: February 23, 2021                        s/David R. Grand
Ann Arbor, Michigan                          DAVID R. GRAND
                                                  United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 23, 2021.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
