UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE INDEPENDENT ORDER
OF FORESTERS,

        Plaintiff,

v.

RHONDA ELLIS-BATCHELOR,
LINWOOD BATCHELOR, STEVEN
BATCHELOR, and SHARON BOND,

        Defendants.

Civil Action No. 20-10619
Honorable Mark A. Goldsmith
Magistrate Judge David R. Grand

_____/

## REPORT AND RECOMMENDATION TO GRANT SHARON BOND'S MOTION TO SET ASIDE DEFAULT JUDGMENT (ECF No. 38)

**I. REPORT**

 **A. Background**

On March 7, 2020, Plaintiff The Independent Order of Foresters ("Foresters") filed the instant interpleader action related to life insurance benefit proceeds it held, and over which it had received competing claims. Specifically, in 2008, Foresters issued a life insurance policy (the "Policy") to William Howard Batchelor ("Batchelor"), who, at the time, resided in North Carolina. The face amount of the Policy's life insurance benefit was $96,000.00 (the "Benefit"). (ECF No. 1-1, PageID.13).

According to Foresters, Batchelor was murdered on October 30, 2015, in Suffolk, Virginia, and shortly thereafter the named beneficiary of the Policy, Defendant Rhonda Ellis-Batchelor ("Ellis-Batchelor"), submitted a Statement of Claim for Death Benefits to Foresters for the Benefit. (ECF No. 1, PageID.6). However, according to Foresters, Ellis-

Batchelor had not been cleared by Suffolk Police and was suspected to be involved in Batchelor's homicide. (*Id.*, PageID.7). Foresters contended that this could render Ellis-Batchelor ineligible to receive the Benefit under North Carolina's so-called "slayer statute." N.C. Gen. Stat. § 31A-11(a).

Defendants Steven Batchelor and Sharon Bond ("Bond") were named as beneficiaries under the Policy before Batchelor changed the beneficiary to Ellis-Batchelor, and Bond also submitted a formal claim to Foresters for the Benefit. (ECF No. 1, PageID.4, 6). Batchelor's brother, Defendant Linwood Batchelor, contacted Foresters and requested payment of the Benefit, but despite being provided with a Claim Form, he did not return a completed one to Foresters. (*Id.*, PageID.7). In short, Foresters alleges that it received at least two formal claims for payment of the Benefit.

Because Foresters received competing claims to the Benefit, it initiated this interpleader action to resolve these claims and to protect itself from duplicate liability by depositing with the Court the net Benefit proceeds and seeking its dismissal from the case. (ECF No. 1). After filing its complaint, Foresters sent requests for waivers of service to all of the defendants in this action under Fed. R. Civ. P. 4(d). Defendants Bond, Linwood Batchelor, and Ellis-Batchelor, after having been served with the summons and complaint in this action, failed to answer or otherwise respond to the interpleader complaint. The Clerk of the Court entered defaults against each of them. (ECF Nos. 8, 10, 18).

On October 12, 2020, Foresters filed a Motion for Entry of Default Judgment against Defendants Bond, Ellis-Batchelor, and Linwood Batchelor. (ECF No. 19). Foresters also sought leave to deposit the net Benefit proceeds with the Clerk of Court and for an order

discharging it from any and all liability with respect to the proceeds. (*Id.*). On October 13, 2020, an Order of Reference was entered, referring all pretrial proceedings to the undersigned pursuant to 28 U.S.C. § 636(b). (ECF No. 20).

On January 13, 2021, this Court issued a Report and Recommendation ("R&R") to, *inter alia*, deny Foresters' motion for default judgment as to Ellis-Batchelor and grant it as to Bond. (ECF No. 29, PageID.211-12). Specifically, the Court found that Ellis-Batchelor had cured the default entered against her, but that a default judgment was appropriate as to Bond because, despite having been served with process on July 15, 2020, and having been defaulted on September 28, 2020 (ECF Nos. 16, 18), she still had not answered or otherwise responded to Forester's complaint. Thus, the Court determined that entry of a default judgment was appropriate as to Bond. The R&R was adopted by the Honorable Mark A. Goldsmith on February 4, 2021. (ECF No. 32).

Subsequently, on February 19, 2021, the Court received a letter from Bond, the body of which stated, in its entirety:

> I Sharon E. Bond was not aware of the court dates in question. I would like to be added to the case. Docket number 20-10619. My address is 1276 Hollywood Avenue, Plainfield N.J[.] 07060.
>
> I have not received any court documents in question. I would like to have all documents mail[ed] to me or email. So I can plead my case. If possible if any courts date schedule can the judge please grant an extension.

(ECF No. 35, PageID.238). The Court construed Bond's letter as a motion to set aside the default judgment that was entered against her, but denied it without prejudice because she did not offer any explanation as to why she failed to respond when served with the

3

summons and complaint and/or clerk's entry of default. (ECF No. 36).

On March 16, 2021, Bond, now aided by this Court's *Pro Se* Clinic, filed the instant Motion to Set Aside Default Judgment Pursuant to Fed. R. Civ. P. 55(c) and 60(b).[1] (ECF No. 38). Ellis-Batchelor filed a response in opposition to Bond's motion on March 22, 2021 (ECF No. 39), and a reply was filed on March 29, 2021 (ECF No. 41). Oral argument was held on May 17, 2021.

### B. Legal Standards

Fed. R. Civ. P. 55(c) provides that a default judgment may be set aside in accordance with Fed. R. Civ. P. 60(b). When "considering a motion to set aside entry of a judgment by default a district court must apply Rule 60(b) 'equitably and liberally ... to achieve substantial justice.'" *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 844-45 (6th Cir. 1983) (quoting *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir.1980) (per curiam)). Courts must recognize that "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter*, 705 F.2d at 845. But relief from a default judgment "is circumscribed by public policy favoring finality of judgments and termination of litigation." *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). Additionally, when a claimant is seeking to set aside a default judgment, "the specific requirements of Rule 60(b) narrow the scope of the court's equitable inquiry." *Id.*

Rule 60(b) provides six reasons a default judgment may be set aside, including, in

---

[1] Defendant Steven Batchelor concurs in the relief requested in Bond's motion (ECF No. 38, PageID.251), a fact that he reiterated at oral argument.

relevant part: (1) mistake, inadvertence, surprise, or excusable neglect; … or (6) any other reason that justifies relief. When deciding if relief is warranted under Rule 60(b), "three factors are relevant: (1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense." *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003).

The party seeking relief must first demonstrate that the default was not due to her own culpable conduct before turning to the other two factors. *See Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002) ("[A] party seeking to vacate a default judgment under Rule 60(b)(1) must demonstrate first and foremost that the default did not result from his culpable conduct."). Culpability is understood based on the terms of Rule 60(b)(1), "mistake, inadvertence, surprise, or excusable neglect." *See Waifersong,* 976 F.2d at 292. The Supreme Court defined excusable neglect to "encompass situations in which the failure to comply with a filing deadline is attributable to negligence," but it has also stated that determining what is considered excusable "is at bottom an equitable" determination. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394-95 (1993).

### C. Analysis

Here, Bond argues that her failure to respond to Foresters' complaint was the result of excusable neglect. The determination as to whether neglect was excusable "takes into account the length and reasons for the delay, the impact on the case and judicial proceedings, and whether the movant requesting relief has acted in good faith." *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006). Here, Bond asserts that she never received

5

notice of this lawsuit – and thus was unaware of its existence – because she was served at her old address. (ECF No. 38, PageID.261). Indeed, the record reflects that Foresters was permitted to serve Bond by first class mail, by certified mail, and by tacking or firmly affixing a copy of the summons and complaint to the door at *521 Brook Avenue, Suffolk, VA 23434*, as that was the address Foresters identified as Bond's address at the time it was attempting to accomplish service. (ECF No. 11, PageID.109; No. 12, PageID.122). It appears that this was done.² (ECF No. 15). Similarly, it appears that the Clerk's Entry of Default was sent to this same address. (ECF No. 18). In her motion, however, Bond indicates that her address is *1276 Hollywood Avenue, Plainfield, NJ 07060* (ECF No. 35) and that she has lived at this New Jersey address continuously since July 1, 2017. (*Id.*, PageID.256-57). Ellis-Batchelor did not provide any evidence contradicting Bond's assertions.

Moreover, Bond appears to have acted quickly after learning the default judgment had been entered against her. And, although the dispute over the life insurance proceeds has been ongoing for five-plus years, this civil action has not gotten beyond what are essentially service of process issues. The brief delay occasioned by Bond's failure to appear in the case earlier will not significantly impact the resolution of this litigation.

---

² However, the process server specifically noted when posting the summons and complaint at the Suffolk, VA address: "**This house is vacant.** I took pictures but someone recently mowed the grass and there was a real estate sign … that was down on the ground. ***Spoke to a neighbor who says it has been empty for 2 or 3 months*** but he did not know the people that lived there. I still posted the documents on the front door." (ECF No. 15) (emphasis added). At the same time, Foresters' process server averred in an affidavit dated September 11, 2020, that on July 15, 2020, she mailed a copy of the summons and complaint to Bond via First Class Mail to the 534 Brook Avenue address, and that that mailing was not returned. (ECF No. 16).

6

Finally, the Court has been presented with no evidence that Bond has acted in bad faith.

Thus, at least on the record presently before the Court, it finds that Bond has made a sufficient showing that she did not receive notice of the instant lawsuit and that her failure to participate in the ongoing litigation was the result of excusable neglect, as opposed to bad faith.

The other two factors also weigh in favor of setting aside the default judgment. In terms of prejudice to Ellis-Batchelor, the party opposing the requested relief, the Court does not see any. As noted, this case is in its early stages, with the Court just having sorted out which parties belong in the case. To the extent the resolution of Bond's instant motion has caused some delay, the same can be said of Ellis-Batchelor, who had a default issued against her which the Court set aside.[3]

Finally, at least on the very limited present record, Bond has raised a meritorious defense to Ellis-Batchelor's claim to the Benefit. A defense is meritorious if "there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Williams*, 346 F.3d at 614 (quoting *INVST Fin. Group*, 815 F.2d at 398-99). Between (1) Bond being a named beneficiary or contingent beneficiary of the Policy, (2) Foresters having initiated this action because of a concern that Ellis-Batchelor may not be a proper beneficiary under North Carolina's slayer statute, and (3) there being **no**

---

[3] The Court notes that at December 2020 hearing on Foresters' motion for default judgment, Ellis-Batchelor indicated that she wished to disclaim any right she had to the life insurance proceeds. However, as she was proceeding *pro se* at the time, the Court questioned her to make sure she fully understood the impact of her statement. She then reconsidered and indicated she wished to find an attorney to assist her. She has since been represented in this action by counsel.

*evidence* in the record at this time from ***any party*** concerning Ellis-Batchelor's status vis-à-vis any investigation by the *Suffolk Police Department* regarding Batchelor's death, the Court cannot find that Bond has no meritorious defense.

To summarize, the only motion presently before the Court is Bond's motion to set aside the default judgment. The salient factors mitigate in favor of granting that motion. There has been little delay in this case, and the impact on Ellis-Batchelor of setting aside the default judgment is not great. Moreover, there is no evidence that Bond acted in bad faith. On balance, especially given the strong policy consideration that cases should be decided on their merits, and the mandate that Rule 60(b) must be applied "equitably and liberally … to achieve substantial justice," *Williams, supra*, it is appropriate for the Court to set aside the default judgment that was entered against Bond. Finally, if Ellis-Batchelor contends that the facts and applicable law conclusively demonstrate her entitlement to the Benefit, she is free to file an appropriate motion explaining her contention and requesting that the Court order the Clerk of Court to pay the Benefit to her forthwith.

## II. RECOMMENDATION

For these reasons, and those set forth in additional detail on the record, **IT IS RECOMMENDED** that Bond's Motion to Set Aside Default Judgment **(ECF No. 38)** be **GRANTED**. **IT IS FURTHER RECOMMENDED** that the default judgment entered by the Court on February 4, 2021, be **VACATED <u>as to Defendant Sharon Bond</u>**. Bond shall file an answer or otherwise respond to Foresters' complaint on or before **June 7, 2021**.

Dated: May 18, 2021                       s/David R. Grand
Ann Arbor, Michigan             DAVID R. GRAND
                                              United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 18, 2021.

                                                 s/Eddrey O. Butts
                                                 EDDREY O. BUTTS
                                                 Case Manager