UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE INDEPENDENT ORDER
OF FORESTERS,

    Plaintiff,

vs.

RHONDA ELLIS-BATCHELOR,
et al.

    Defendants.
_____/

Case No. 20-10619

HON. MARK A. GOLDSMITH

**ORDER
(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION DATED MAY 18, 2021 (Dkt. 46), (2)
GRANTING SHARON BOND'S MOTION TO SET ASIDE DEFAULT JUDGMENT
(Dkt. 38), AND (3) VACATING THE DEFAULT JUDGMENT (Dkt. 32) AGAINST
SHARON BOND**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Grand issued on May 18, 2021. In the R&R, the Magistrate Judge recommends granting Sharon Bond's motion to set aside default judgment (Dkt. 38) and vacating the default judgment (Dkt. 32) against Sharon Bond.

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108

(2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); <u>Lardie v. Birkett</u>, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. <u>See</u> Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, (i) the R&R (Dkt. 46) is adopted in full, (ii) Sharon Bond's motion to set aside default judgment (Dkt. 38) is granted, and (iii) the default judgment against Sharon Bond (Dkt. 32) is vacated.[1]

SO ORDERED.

| | |
|---|---|
| Dated: June 10, 2021<br>Detroit, Michigan | s/Mark A. Goldsmith<br>MARK A. GOLDSMITH<br>United States District Judge |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 10, 2021.

s/Karri Sandusky<br>Case Manager

---

[1] The Magistrate Judge does not recommend otherwise disturbing the February 4, 2021 order (Dkt. 32), and it remains in effect otherwise.