UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THE INDEPENDENT ORDER<br>OF FORESTERS, | Civil Action No. 20-10619 |
| Plaintiff<br>v. | Mark A. Goldsmith<br>United States District Judge |
| RHONDA ELLIS-BATCHELOR,<br>LINWOOD BATCHELOR, STEVEN<br>BATCHELOR, and SHARON BOND, | Judge David R. Grand<br>United States Magistrate Judge |
| Defendants.<br>_____/ | |

**REPORT AND RECOMMENDATION TO GRANT ELLIS-BATCHELOR'S MOTION FOR SUMMARY JUDGMENT (ECF No. 52) AND DENY STEVEN BATCHELOR'S MOTION FOR SUMMARY JUDGMENT (ECF No. 55)**

This interpleader action has a complicated procedural history. In short, this case concerns a dispute over who is the rightful beneficiary of life insurance proceeds (the "Benefit Proceeds") which plaintiff The Independent Order of Foresters ("Foresters") has deposited into the Court. With Foresters having been dismissed from the action following its deposit of the Benefit Proceeds, the only remaining parties are three of the original four defendants, each of whom has asserted a right to the Benefit Proceeds: (1) Rhonda Ellis-Batchelor ("Ellis-Batchelor"); (2) Steven Batchelor; and (3) Sharon Bond.[1]

On July 26, 2021, Ellis-Batchelor filed a motion for summary judgment arguing that "there is no genuine issue in dispute that [she] is the rightful beneficiary of the policy and is entitled to the [Benefit] Proceeds." (ECF No. 52-1, PageID.352). On August 9, 2021, Steven Batchelor also

---

[1] On February 2, 2021, the Court granted Foresters' motion for entry of default judgment against the fourth defendant, Linwood Batchelor, and held that he is "barred from receiving any of the Benefit Proceeds at issue in this interpleader action . . ." (ECF No. 32, PageID.226). Accordingly, the Court need not address any interest Linwood Batchelor may have in the Benefit Proceeds.

filed a motion for summary judgment, though his unorthodox filing presents no cogent argument or evidence whatsoever, and instead, as discussed below, asserts a handful of mostly speculative statements that have little relation to the salient issues in this case. (ECF No. 55). On August 15, 2021, Ellis-Batchelor filed a response to Steven Batchelor's motion. (ECF No. 59). Sharon Bond did not file a response to either motion.

The Court finds that oral argument will not aid it in resolving the motions, and declines to hold a hearing. *See* E.D. Mich. LR 7.1(f)(2).

For the reasons set forth below, the Court **RECOMMENDS** that Ellis-Batchelor's motion for summary judgment (**ECF No. 52**) be **GRANTED**, Steven Batchelor's motion for summary judgment be **DENIED** (**ECF No. 55**), and that the Clerk of Court be directed to pay the net Benefit Proceeds to Ellis-Batchelor.

## I. REPORT

### A. Background

In 2008, Foresters issued a $96,000 life insurance policy (the "Policy") to William Howard Batchelor ("William Batchelor"), who, at the time, resided in North Carolina. William Batchelor initially named his then-wife, Denise Batchelor, as the Policy's primary beneficiary, but later changed the beneficiary two times; in 2011 to Steven Batchelor and Sharon Bond, his nephew and niece, and in 2013 to Ellis-Batchelor, his then-wife. (ECF No. 1, PageID.6; No. 1-2, PageID.32; No. 1-3; No. 1-4). William Batchelor was murdered on October 30, 2015, in Suffolk, Virginia. On November 10, 2015, Ellis-Batchelor submitted to Foresters a Statement of Claim for Death Benefits under the Policy. Thereafter, Foresters received competing Statements of Claim for the Benefit Proceeds from Sharon Bond and Steven Batchelor.

Bond and Steven Batchelor have alleged in this case that Ellis-Batchelor was involved in Batchelor's murder and therefore cannot be entitled to receive the Policy benefits under the North Carolina "slayer statute," which renders a beneficiary ineligible to receive life insurance benefits if she willfully and unlawfully killed the insured decedent. *See* NC Gen Stat § 31A-11. According to Foresters, it requested but did not receive confirmation from the Suffolk Police that Ellis-Batchelor was cleared from the investigation. Faced with the competing claims and uncertainty surrounding the murder investigation, Foresters filed the instant interpleader action on March 7, 2020. On January 13, 2021, the Court granted Foresters' motion for leave to deposit the life insurance Benefit Proceeds into the Court, and, after Foresters deposited the net Benefit Proceeds of $100,477.80[2], dismissed Foresters from the case.

Following a series of procedural rulings, the only remaining defendants laying claim to the Benefit Proceeds are Ellis-Batchelor, Steven Batchelor, and Sharon Bond. On July 26, 2021, Ellis-Batchelor filed a motion for summary judgment on the grounds that "there is no genuine issue in dispute that [she] is the rightful beneficiary of the policy and is entitled to the proceeds." (ECF. No. 52). Steven Batchelor did not file a response to Ellis-Batchelor's motion, but instead, on August 9, 2021, filed his own motion for summary judgment. (ECF No. 55). On August 15, 2021, Ellis-Batchelor filed a response to Steven Batchelor's motion. (ECF No. 59). Bond did not file a response to either motion.

**B. Applicable Legal Standards**

Pursuant to Rule 56, The Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[2] This figure represents: (i) the $96,000.00 Policy Benefit; (ii) less $10,493.96 previously assigned for payment of Mr. Batchelor's funeral expenses; (iii) plus accrued interest as of the deposit date of $14,971.76.

matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga County Dep't of Children and Family Servs.,* 640 F.3d 716, 723 (6th Cir. 2011). A fact is material if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In determining whether an issue of material fact exists, the Court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and must identify portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *See Celotex v. Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.,* 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). In response to a summary judgment motion, the opposing party may not rest on its pleading, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (quoting *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989)). Indeed, "[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.'" *Id*. (quoting *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009)). "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Id.* at 560 (citing *Lewis v. Philip Morris, Inc.,* 355 F.3d 515, 533 (6th Cir. 2004)).

4

A moving party with the burden of proof (typically, although as this case demonstrates, not always, the plaintiff) faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). As set forth above, the moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden – [typically] the plaintiff on a claim for relief or the defendant on an affirmative defense - his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. U.S.*, 799 F.2d 254, 259 (6th Cir. 1986) (internal citation omitted). Accordingly, summary judgment in favor of the plaintiff is "inappropriate when the evidence is susceptible to different interpretations or inferences by the trier of fact." *Harris v. Kowalski*, 2006 WL 1313863, at *3 (W.D. Mich. May 12, 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999)).

A review of Ellis-Batchelor's and Steven Batchelor's summary judgment motions and this case's unique nature and procedural posture make clear that Ellis-Batchelor is the one presently seeking affirmative relief, and that at trial Steven Batchelor would bear the burden of proving the North Carolina "slayer" statute's applicability. *See* N.C. Gen. Stat. § 31A–3(3)(d) ("The burden of proof in the civil action is on the party seeking to establish that the killing was willful and unlawful for the purposes of this Article."). Therefore Ellis-Batchelor bears the initial burden of showing the absence of a material question of fact as to the relief she seeks and "that no reasonable trier of fact could find other than for the moving party" on the present record, *Calderone*, 799 F.2d at 259, while Steven Batchelor must raise a material question of fact as to the slayer statute's applicability. In considering these burdens, the Court notes that "[t]he moving party's burden cannot be enhanced to require his proof of a negative . . ." *See Windon Third Oil & Gas Drilling P'ship v. Fed. Deposit Ins. Corp.*, 805 F.2d 342, 346 (10th Cir. 1986). While this principle usually

5

applies in the context of a defendant moving for summary judgment – because it is typically the plaintiff who bears the ultimate burden of proof, *see Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100, 111 (2d Cir. 2001), the same is true where the plaintiff seeks summary judgment and the defendant bears the ultimate burden. *See Barnes v. Nw. Repossession*, LLC, 210 F. Supp. 3d 954, 962 (N.D. Ill. 2016) ("Because [Defendant] bears the burden of proof at trial, Plaintiff 'is not required to prove a negative in order to make a prima facie showing for summary judgment.'") (citation omitted). *See also Grady v. Becker*, 907 F. Supp. 2d 975, 982 (D. Minn. 2012) (noting that where a defendant requests a plaintiff to prove a negative for summary judgment purposes, "[w]hat better proof could [the plaintiff] offer than the fact he [has no evidence]?"); *In re ResCap Liquidating Tr. Litig.*, 428 F. Supp. 3d 53, 118 (D. Minn. 2019) ("'On a plaintiff's motion for summary judgment, the defendant bears the initial burden of showing that the affirmative defense is applicable.' [] 'Only upon such a showing does the burden shift to [a] plaintiff regarding that affirmative defense.' [] 'The reason is that the defendant bears the burden of proof on his affirmative defenses at trial.'") (internal citations omitted).

### C. Analysis

"It is well settled under the North Carolina 'slayer statute', General Statutes § 31A–1, et seq., that if the benefits of a life insurance policy are payable to a 'slayer' who has killed the person whose life is insured by the policy, then those benefits are to be paid instead to the persons who would have been entitled to them as if the slayer had pre-deceased the insured decedent." *New York Life Ins. Co. v. Youa Vang*, 2010 WL 76369, at *1 (W.D.N.C. Jan. 5, 2010). In pertinent part, N.C. Gen. Stat. § 31A–3(3) defines a "slayer" as:

> a. A person who, by a court of competent jurisdiction, is convicted as a principal or accessory before the fact of the willful and unlawful killing of another person.

    b. A person who has entered a plea of guilty in open court as a principal or accessory before the fact of the willful and unlawful killing of another person.

    c. A person who, upon indictment or information as a principal or accessory before the fact of the willful and unlawful killing of another person, has tendered a plea of nolo contendere which was accepted by the court and judgment entered thereon.

    d. A person who is found by a preponderance of the evidence in a civil action brought within two years after the death of the decedent to have willfully and unlawfully killed the decedent or procured the killing of the decedent. If a criminal proceeding is brought against the person to establish the person's guilt as a principal or accessory before the fact of the willful and unlawful killing of the decedent within two years after the death of the decedent, the civil action may be brought within 90 days after a final determination is made by a court of competent jurisdiction in that criminal proceeding or within the original two years after the death of the decedent, whichever is later. The burden of proof in the civil action is on the party seeking to establish that the killing was willful and unlawful for the purposes of this Article.

N.C. Gen. Stat. § 31A–3(3)(a)-(d).

    Here, the parties do not dispute that Ellis-Batchelor was the last named beneficiary of the Policy. That satisfies Ellis-Batchelor's initial burden at the summary judgment stage. The only issue the parties raise is whether Ellis-Batchelor is precluded from recovering the Benefit Proceeds due to her being a "slayer" under North Carolina law or due to North Carolina's common law principle that a person may not profit from her own wrongdoing. (ECF No. 52-1, PageID.352-54). *See Midland Nat'l Life Ins. Co. v. Long by & through Sherrill*, 2021 WL 3476139, at *7 (W.D.N.C. Aug. 6, 2021) ("'In North Carolina, a person can be barred from receiving life insurance proceeds by: (1) N.C. Gen. Stat. § 31A-3 (the slayer statute)' or '(2) the common law rule that no one may profit from their own wrongdoing.'") (quoting *State Farm Life Ins. Co. v. Allison*, 493 S.E.2d 329, 330 (1997)). But, as explained above, Ellis-Batchelor need not prove a

7

negative, and Steven Batchelor has failed to raise a material question of fact as to either of these two issues.

The Court agrees with Ellis-Batchelor that Steven Batchelor has failed to provide any evidence whatsoever from which a reasonable jury could find that Ellis-Batchelor fits the definition of slayer under the North Carolina "slayer" statute, or that the common law against allowing a wrongdoer to recover should apply. Specifically, Steven Batchelor has not presented any evidence suggesting that with respect to William Batchelor's murder, Ellis-Batchelor has: "***been convicted as a principal or accessory***;" "***entered a plea of guilty as a principal or accessory***;" or "tendered ***a plea of nolo contendere*** which was accepted by the court." N.C. Gen. Stat. § 31A–3(3)(a)-(c) (emphasis added). Nor did Steven Batchelor present any evidence that Ellis-Batchelor was "***found by a preponderance of the evidence in a civil action***" to have willfully and unlawfully killed William Batchelor. *Id.*, § 31A–3(3)(d) (emphasis added). Indeed, Steven Batchelor presented no evidence that criminal charges were filed against Ellis-Batchelor or that her former husband's estate has filed a civil lawsuit related to his death. Furthermore, almost *six* years have passed since the murder and Steven Batchelor presents no evidence that the Suffolk Police named Ellis-Batchelor a suspect. This is well past the two-year time constraint provided in the statute. *Id.* Finally, in responding to Ellis-Batchelor's interrogatory asking whether he is "aware of any evidence that Rhonda Ellis-Batchelor was involved in the killing of her husband," Steven Batchelor unequivocally responded, "No." (ECF No. 52-6, PageID.369). Although he indicated that the "case is still pending," discovery is now closed and Steven Batchelor has still failed to identify any evidence suggesting that Ellis-Batchelor was involved in William Batchelor's murder or that she has engaged in any wrongdoing that should prevent her from being awarded the Benefit Proceeds.

Rather than filing a response to Ellis-Batchelor's summary judgment motion, Steven Batchelor filed his own summary judgment motion. (ECF No. 55). But this unorthodox filing provides no actual evidence at all, let alone evidence that raises a material question of fact as to the salient issues. In his "Statement of Fact," Steven Batchelor merely writes:

> 5. The instant matter involves a change of beneficiary which evidence has surfaced to show that summary judgment is warranted in the instant matter.
>
> 6. Information has surfaced particularly with regards to the following aspects of material fact:
>
>    - The location of Person-Of-Interest McNair –
>
>    - The marital status of Person-Of-Interest McNair as married to Ellis, Jr.,
>
>    - The familiar [sic] status of Person-Of-Interest McNair as Defendant Rhonda Ellis-Batchelor in the instant matter's son
>
>    - The witness to the movant's uncle's signature in the instant matter is Rhonda's daughter-in-law who has convictions for theft and whose testimony is impeachable
>
>    - If Ellis Sr. remains alive at the present moment, then Defendant Rhonda's marriage to the uncle may be entirely void as Defendant Rhonda was never divorced in the first place.
>
>    - The Detectives from a police department have informed the movant that the party suspected in the instant matter is Defendant Rhonda Ellis-Batchelor and the movant is willing to subpoena the detectives to corroborate this material fact.
>
> 7. Based on the foregoing indisputable material facts, the movant avers they are entitled to summary judgment in the instant matter in their favor and hereby moves the Court for the same.

(ECF No. 55, PageID.381).

Later in the "Argument" section of his motion, Steven Batchelor asserts that he "has referenced and incorporated the evidence obtained throughout discovery in the instant matter and has done so herein as well by of reference." (*Id.*, PageID.382). He further asserts that he "is able

9

to show that there is no dispute as to material facts with regards to the validity of the transfers of property disputed in the instant matter on various bases including but not limited to the invalidity of the marriage of Defendant Rhonda Ellis-Batchelor . . . which would have indisputable impact on the instant matter." (*Id.*). He then indicates that he "reserves the right to file for summary judgment again upon obtaining of new information . . ." (*Id.*).

For multiple reasons, none of the statements or arguments made by Steven Batchelor raise a material question of fact that would prevent the Court from granting Ellis-Batchelor's summary judgment motion and awarding the Benefit Proceeds to her. First, while Steven Batchelor asserts that "information has surfaced" regarding the aforementioned statements of "material fact," for the most part, he provides no actual "information," and the statements are unduly vague and merely beg questions on issues unrelated to the North Carolina slayer statute's applicability, such as Ellis-Batchelor's marital history. Second, despite asserting that he has "referenced and incorporated the evidence obtained throughout discovery," in reality, Steven Batchelor failed to cite *any* evidence in support of his positions. Third, Steven Batchelor's discussion of the person he refers to as "McNair," is patent speculation upon speculation (*id.*) ("***If*** Ellis Sr. remains alive . . . [Ellis-Batchelor's] marriage to [William Batchelor] ***may be*** entirely void . . .") (emphasis added), which clearly cannot raise a material question of fact. *Williams v. Kuryakyn Holdings, LLC*, No. 18-13606, 2021 WL 1313358, at *6 (E.D. Mich. Apr. 7, 2021) ("Speculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment.") (quoting *Hedberg v. Indiana Bell Telephone Co.*, 47 F.3d 928, 932 (7th Cir. 1995)). Finally, Steven Batchelor's assertion that "two detectives" from "a" police department informed him Ellis-Batchelor is "suspected in the instant matter" is the vaguest of hearsay, and, particularly where there is not even a hint as to how such statements would be reduced to admissible form at

10

trial, cannot be considered by the Court in ruling on the instant summary judgment motions. *Tranter v. Orick*, 460 F. App'x 513, 514 (6th Cir. 2012) ("It is well established that a court may not consider hearsay when deciding a summary judgment motion."). *See also Mangum v. Repp*, 674 Fed. Appx. 531, 536–37 (6th Cir. 2017); Fed. R. Civ. P. 56(c)(2), (4).

In short, Steven Batchelor's entire filing consists of nothing more than vague, speculative, and hearsay statements that are insufficient to create a material question of disputed fact as to the applicability of the North Carolina "slayer statute" or to Ellis-Batchelor's entitlement to the Benefit Proceeds. Accordingly, Ellis-Batchelor's motion for summary judgment should be granted, Steven Batchelor's motion for summary judgment should be denied, and the Court should direct the Clerk of court to pay the net Benefit Proceeds to Ellis-Batchelor.

## II. RECOMMENDATION

For the reasons set forth above, it is **RECOMMENDED** that Ellis-Batchelor's motion for summary judgment (**ECF No. 52**) be **GRANTED**, Steven Batchelor's motion for summary judgment (**ECF No. 55**) be **DENIED**, and that the Clerk of Court be directed to pay the net Benefit Proceeds to Ellis-Batchelor.

Dated: October 29, 2021                   s/David R. Grand
Ann Arbor, Michigan                   DAVID R. GRAND
                                                 United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985);

*Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 29, 2021.

s/Eddrey O. Butts<br>
EDDREY O. BUTTS<br>
Case Manager