UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE INDEPENDENT ORDER OF FORESTERS,

    Plaintiff,

vs.

RHONDA ELLIS-BATCHELOR, et al.,

    Defendants.
_____/

Case No. 20-10619

HON. MARK A. GOLDSMITH

**OPINION & ORDER
(1) OVERRULING DEFENDANT STEVEN BATCHELOR'S OBJECTIONS (Dkt. 63) TO THE MAGISTRATE JUDGE'S REPORT & RECOMMENDATION (R&R) DATED OCTOBER 29, 2021 (Dkt. 62), (2) ACCEPTING THE RECOMMENDATION CONTAINED IN THE R&R, (3) GRANTING DEFENDANT RHONDA ELLIS-BATCHELOR'S MOTION FOR SUMMARY JUDGMENT (Dkt. 52), AND (4) DENYING DEFENDANT STEVEN BATCHELOR'S MOTION FOR SUMMARY JUDGMENT (Dkt. 55)**

This matter is before the Court on Defendant Steven Batchelor's objections (Dkt. 63) to the R&R of Magistrate Judge David Grand, issued on October 29, 2021 (Dkt. 62). In the R&R, the magistrate judge recommends that the Court grant Defendant Rhonda Ellis-Batchelor's motion for summary judgment (Dkt. 52) and deny Batchelor's[1] motion for summary judgment (Dkt. 55). For the reasons stated below, the Court overrules Batchelor's objections, adopts the recommendation contained in the magistrate judge's R&R, grants Ellis-Batchelor's motion for summary judgment, and denies Batchelor's motion for summary judgment.

---

[1] As used in this opinion and order, "Batchelor" refers to Defendant Steven Batchelor. William Batchelor is referred to by his full name.

## I. BACKGROUND

The full relevant factual background is set forth in the magistrate judge's R&R. See R&R at 1–3. In short, this case involves a dispute over who is the rightful beneficiary of life insurance proceeds that Plaintiff The Independent Order of Foresters (Foresters) deposited into the Court. See Compl. (Dkt. 1). In 2008, Foresters issued a life insurance policy to William Howard Batchelor, who resided in North Carolina. Id. ¶ 12; Certificate Data Pages at 17 (Dkt. 1-1). William Batchelor initially named his then-wife as the policy's primary beneficiary, but he later changed the beneficiary twice. In 2011, he changed the beneficiary to Defendants Steven Batchelor and Sharon Bond, William Batchelor's nephew and niece. Compl. ¶ 15. In 2013, he changed the beneficiary to Defendant Rhonda Ellis-Batchelor, who, at the time, was his wife. Id. ¶ 16. In 2015, William Batchelor was murdered. Id. ¶ 21. Ellis-Batchelor, Batchelor, and Bond all submitted to Foresters statements of claim for the insurance proceeds. Id. ¶¶ 22, 25. Batchelor and Bond have argued that Ellis-Batchelor was involved in William Batchelor's death and, therefore, under the North Carolina "slayer statute," which bars a beneficiary from receiving life insurance benefits if the beneficiary willfully and unlawfully killed the policyholder, Ellis-Batchelor is ineligible to receive the insurance proceeds. NC Gen. Stat. § 31A-11. Foresters stated that it requested but did not receive confirmation that the Suffolk Police did not consider Ellis-Batchelor a suspect in William Batchelor's murder. Compl. ¶ 30.

Due to the competing claims and uncertainty surrounding Ellis-Batchelor's involvement in Batchelor's death, Foresters filed this interpleader action. Pursuant to 28 U.S.C. § 636(b), this Court referred the matter to Magistrate Judge Grand for all pretrial proceedings. 10/13/20 Order (Dkt. 20). The Court granted Foresters' motion for leave to deposit the net insurance proceeds into the Court, and, after Foresters did so, it dismissed Foresters from the case. 2/3/21 Order (Dkt.

2

30). The Defendants who have asserted a right to the insurance proceeds include: (i) Ellis-Batchelor, (ii) Batchelor, and (iii) Bond.[2]

Ellis-Batchelor filed a motion for summary judgment, in which she argues that there is no genuine dispute that she is the rightful beneficiary of the policy and is entitled to the insurance proceeds. Br. in Support of Ellis-Batchelor Mot. at 3 (Dkt. 52-1). Neither Batchelor nor Bond filed a response to Ellis-Batchelor's motion for summary judgment. However, Batchelor filed his own motion for summary judgment, in which he asserts that "[i]nformation has surfaced particularly with regards to the following aspects of material fact," and then proceeds to list several speculative statements about Ellis-Batchelor's marital history. Batchelor Mot. at 1–2 (Dkt. 55). Ellis-Batchelor filed a response to the motion (Dkt. 59), but Bond did not. Batchelor did not file a reply.

The magistrate judge issued an R&R recommending that the Court grant Ellis-Batchelor's motion for summary judgment and deny Batchelor's motion for summary judgment (Dkt. 62). Batchelor filed objections to the R&R (Dkt. 63), and Ellis-Batchelor filed a response (Dkt. 64).

## II. STANDARD OF REVIEW

### A. R&R

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others

---

[2] The Court granted Foresters' motion for entry of default judgment against Linwood Batchelor, the fourth Defendant in this action, and stated that Linwood Batchelor was barred from receiving any of the proceeds at issue. 2/3/21 Order. Therefore, the R&R did not address any interest that Linwood Batchelor may have in the proceeds. R&R at 1 n.1.

will not preserve all the objections a party may have."). Any issues raised for the first time in objections to an R&R are deemed waived. Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[I]ssues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived.").

### B. Motion for Summary Judgment

The Court applies the traditional summary judgment standard as articulated in Scott v. Harris, 550 U.S. 372, 380 (2007). The movant is entitled to summary judgment if that party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). If the movant makes an initial showing that there is an absence of evidence to support the nonmoving party's case, the nonmovant can survive summary judgment only by coming forward with evidence showing there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324–325 (1986).

### III. ANALYSIS

Batchelor appears to offer two primary objections to the R&R. First, he asserts that the magistrate judge did not apply the correct standards of proof. Obj. ¶ 13. Second, he contends that the magistrate judge wrongfully concluded that Batchelor failed to show any evidence that the North Carolina slayer statute applied and that the magistrate judge did not provide proper weight to specific pieces of evidence. Id. ¶¶ 8–9. The Court addresses each objection in turn.

### A. Batchelor's First Objection

As the magistrate judge explained, Ellis-Batchelor, the party seeking affirmative relief, bears the initial burden of showing the absence of a material question of fact as to the relief she seeks and "that no reasonable trier of fact could find other than for the moving party" on the present record. Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986). William Batchelor's life

4

insurance policy states that the rights and obligations of anyone claiming benefits under the policy are governed by the laws of the state in which the certificate was first delivered by Foresters to the policyholder—that is, North Carolina. Certificate Data Pages at 13. Under the North Carolina slayer statute, Batchelor would have at trial the burden of proving that the statute applies and, therefore, must raise a material question of fact as to the statute's applicability. N.C. Gen. Stat. § 31A-3(3)(d) ("The burden of proof in the civil action is on the party seeking to establish that the killing was willful and unlawful for the purposes of this Article.").

Batchelor contends that the magistrate judge held him "to a proof beyond a reasonable doubt standard as opposed to a preponderance of the evidence standard." Obj. ¶ 13. But the magistrate judge did not require Batchelor to prove beyond a reasonable doubt that Ellis-Batchelor is precluded from the insurance proceeds under North Carolina law. Rather, as required at the motion for summary judgment stage, the magistrate judge examined whether Batchelor raised a material factual question that Ellis-Batchelor is ineligible to receive the insurance proceeds under North Carolina law. See R&R at 8–11. Accordingly, the Court overrules Batchelor's first objection.

### B. Batchelor's Second Objection

The parties do not dispute that Ellis-Batchelor was the last-named beneficiary of the policy. See Obj. ¶ 6. The remaining issue is whether Ellis-Batchelor cannot recover the insurance proceeds due either to the North Carolina slayer statute or to North Carolina's common-law rule that a person may not profit from his or her own wrongdoing. See State Farm Life Ins. Co. v. Allison, 493 S.E.2d 329, 330 (N.C. App. 1997) ("In North Carolina, a person can be barred from receiving life insurance proceeds by: (1) N.C. Gen. Stat. § 31A-3 (the slayer statute) because that person is convicted of killing the insured; or (2) the common law rule that no one may profit from their own wrongdoing.").

As the magistrate judge stated, Batchelor has not provided any evidence from which a reasonable jury could find that either the statute or the common-law rule applies. The North Carolina statute defines "slayer" as a person who: (i) was convicted "as a principal or accessory before the fact of the willful and unlawful killing of another person," (ii) "entered a plea of guilty in open court as a principal or accessory before the fact of the willful and unlawful killing of another person," (iii) upon indictment or information as such a principal or accessory, entered a plea of nolo contendere that was accepted by a court, or (iv) was found "by a preponderance of the evidence in a civil action brought within two years after the death of the decedent to have willfully and unlawfully killed the decedent or procured the killing of the decedent." N.C. Gen. Stat. § 31A-3(3)(a)–(d). Batchelor has not presented any evidence suggesting that Ellis-Batchelor fits within any of these statutory definitions. And in fact, it appears that Batchelor does not have any such evidence. In response to Ellis-Batchelor's interrogatory that asked whether Batchelor is "aware of any evidence that Rhonda Ellis-Batchelor was involved in the killing of her husband," Batchelor answered "No." Ellis-Batchelor Interrog. at 2 (Dkt. 52-6). Additionally, Batchelor has not identified evidence indicating that Ellis-Batchelor engaged in wrongdoing related to William Batchelor's death.

Instead of presenting actual evidence showing that Ellis-Batchelor was responsible for William Batchelor's death, Batchelor offers mere speculation and suspicion. For example, he states that "[i]nformation has surfaced particularly with regards to the following aspects of material fact," and then offers several indeterminate statements, such as "[t]he location of Person-Of-Interest McNair" and "[t]he marital status of Person-Of-Interest McNair as married to Ellis, Jr." Batchelor Mot. at 1. He also remarks on Ellis-Batchelor's marital history, stating that "[i]f Ellis Sr. remains alive at the present moment, then Defendant Rhonda's marriage to the uncle may be entirely void

as Defendant Rhonda was never divorced in the first place." Id. And he states that "[d]etectives from a police department have informed the movant that the party suspected in the instant matter is Defendant Rhonda Ellis-Batchelor and the movant is willing to subpoena the detectives to corroborate this material fact." Id. at 2. The Court agrees with the magistrate judge's conclusion that such vague and speculative statements do not raise a genuine factual dispute. See Cobb v. Keystone Memphis, LLC, 526 F. App'x 623, 630 (6th Cir. 2013) (finding that simply speculating about a fact without any further proof does not create a genuine dispute for the purposes of summary judgment).

Batchelor objects that the magistrate judge did not apply "proper weight" to the following facts:

- The circumstantial evidence of malice in the relationship between Person of Interest, McNair[,] and Rhonda Ellis-Batchelor[;]
- The investigation is not only ongoing but developments are being made in this regard[; and]
- The question of life insurance benefits is not disputed meaning that the "slayer" statute can plausibly be said to apply via a preponderance of the evidence in a trial by jury.

Obj. ¶ 8.

But Batchelor cannot overcome vague and non-specific assertions with more vague and non-specific assertions. For instance, Batchelor does not explain—either in his motion for summary judgment or his objections—who "Person of Interest McNair" is and why this person is relevant to the applicability of North Carolina law. In addition, while Batchelor references "developments" related to an "investigation," he does not describe what those developments are. And a lack of dispute around the "question of life insurance benefits" does not make the North Carolina slayer statute applicable. Rather, the statute applies when a beneficiary fits within one of the definitions of "slayer" set out in the statute. The common-law prohibition is triggered when a beneficiary has

been shown to have caused the death of the insured. Batchelor submitted no valid evidence on either point. Because Batchelor does not show that the magistrate judge erred in finding that Batchelor failed to raise a question of fact that would prevent the Court from granting Ellis-Batchelor's motion for summary judgment, the Court overrules his second objection.

## IV. CONCLUSION

For the reasons stated above, the Court overrules Defendant Batchelor's objections (Dkt. 63), adopts the recommendation contained in the magistrate judge's R&R (Dkt. 62), grants Defendant Ellis-Batchelor's motion for summary judgment (Dkt 52), and denies Batchelor's motion for summary judgment (Dkt. 55).

The Court therefore orders that the Clerk of the Court pay from the net life insurance benefit proceeds previously deposited, the sum of $100,477.80 and 100% accrued interest, representing the net life insurance benefit proceeds payable under Certificate Number 4708333 insuring the life of William Howard Batchelor, deceased, less any fee authorized by the Judicial Conference that has been deducted by the Clerk of the Court, to Defendant Rhonda Ellis-Batchelor, with the check to be sent to her counsel, Sheldon Halpern, at 26339 Woodward Avenue, Huntington Woods, Michigan 48070.

SO ORDERED.

Dated: February 4, 2022  s/Mark A. Goldsmith
    Detroit, Michigan  MARK A. GOLDSMITH
                           United States District Judge